DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nathaniel Crusan, appeals from a judgment of the Cuyahoga Falls Municipal Court that granted judgment in his favor against Appellee, Sean Mumaw, challenging the remedy that the trial court granted him. This Court affirms.
 I {¶ 2} This dispute arose from the sale of a home computer by Appellee Sean Mumaw, dba The Box Home PC, to Appellant Nathaniel Crusan. Crusan had responded to Mumaw's mass advertisement that included a representation that the computer "Includes 5 year Parts Labor Manufacturer's Written Warranty." Crusan eventually paid the entire purchase price, in installments, for a total of $992.00.
 {¶ 3} Approximately one year after purchasing the computer, Crusan had a problem with it that he resolved through Mumaw. Subsequently, another problem arose and Crusan was unable to resolve it through Mumaw or directly through the manufacturer. There was confusion as to whether Crusan was required to go through Mumaw to have warranty work done or whether he could deal directly with the manufacturer. Mumaw insisted that Crusan deal directly with the manufacturer but the manufacturer apparently would not honor the warranty without Mumaw's authorization.
 {¶ 4} Crusan brought this action against Mumaw, seeking damages of $800 plus interest. Following a hearing before a magistrate, the magistrate found that Mumaw's advertising was deceptive and constituted a violation of the Consumer Sales Practices Act. The magistrate recommended judgment for Crusan with statutory damages in the amount of $200. Both parties filed objections to the magistrate's decision.
 {¶ 5} Following a hearing on the objections, the trial court modified the magistrate's decision. The trial court agreed that Crusan had not received the benefit of his bargain and was entitled to judgment against Mumaw. The trial court disagreed, however, that Mumaw's advertising constituted a violation of the Consumer Sales Practices Act, finding that Mumaw's actions did not rise to the level of false advertising under the Act. Because there was evidence that the manufacturer was willing to honor its warranty with Mumaw but not with Crusan, the trial court ordered Mumaw to deal with the manufacturer to have the computer repaired.
 {¶ 6} Crusan has timely appealed, raising one assignment of error.
 II Assignment of Error
"The court committed prejudicial error when it reversed the original judgment order and by not determining an accurate value of the computer system."
 {¶ 7} Crusan has asserted that the trial court erred in failing to order that the contract be rescinded. This Court disagrees.
 {¶ 8} Crusan has first asserted that the trial court erred in changing the relief that was recommended by the magistrate. Because Crusan himself filed objections to the magistrate's decision, asking the court to modify the relief recommended by the magistrate, he cannot now complain that the trial court did as he requested.
 {¶ 9} Crusan has further contended that the trial court should have ordered that the contract be rescinded, for that is the relief that he sought. In its judgment entry, the trial court recognized that Crusan sought to rescind the contract. The court explained, however, that such a remedy was not feasible because Crusan had been able to use the computer for a year and there was insufficient evidence before the trial court from which it could accurately calculate a prorated value for the computer. Crusan has failed to point to anything in the record to dispute that assertion.
 {¶ 10} Although the record appears to include the documentation submitted to the trial court at the hearing, the parties apparently also gave oral testimony. As the party challenging the trial court's decision, Crusan had the duty to file a transcript of the hearing, or statement of the evidence pursuant to App.R. 9(C), to ensure that this Court could properly evaluate the trial court's decision. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Crusan filed no transcript of the objection hearing held before the trial court, nor did he file a statement of the evidence pursuant to App.R. 9. Accordingly, this Court must presume the validity and regularity of the trial court's determination. Id. The assignment of error is overruled.
 III {¶ 11} The assignment of error is overruled and the judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Boyle, J. Concur.